UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
RASHAD KARIM AMEEN BEY,            :
                                    :
            Petitioner,             :     Civ. No. 13-3876 (RBK)
                                    :
      v.                            :     **OPINION**
                                    :
STATE OF NEW JERSEY,                :
                                    :
            Respondents.            :
_____ :

**ROBERT B. KUGLER, U.S.D.J.**

## I.     BACKGROUND

Petitioner is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the applicable $5.00 filing fee. On September 6, 2013, the Court ordered petitioner to show cause by September 20, 2013, "why this alleged Habeas Corpus petition shouldn't be dismissed as it does not appear to seek release from confinement of plaintiff, but to the extent it is decipherable, seeks a declaration that certain acts done by others were illegal." (Dkt. No. 4 at p. 1.) The Court noted that if true, petitioner needed to file a civil rights complaint, as opposed to a petition for writ of habeas corpus. (*See id.* at p. 1-2.) The Court further noted that petitioner's failure to respond to the order to show cause would result in the dismissal of the pleading. (*See id.* at p. 2.) To date, petitioner has not responded to the Court's September 6, 2013 order to show cause.

## II.    DISCUSSION

"A District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)." *Iseley v. Bitner*, 216 F. App'x 252, 254-55 (3d Cir. 2007) (per curiam) (citing *Link v. Wabash R.R. Co.*,

1

370 U.S. 626, 630-31 (1962)).  In this case, petitioner was ordered to show cause why his petition should not be dismissed and warned that failure to respond to the order to show cause would result in the dismissal of this action.  Petitioner's failure to respond to the order to show cause indicates a failure to prosecute this action.

The six factors outlined in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), will be weighed to determine whether this action should be dismissed for failing to prosecute.  The *Poulis* factors are as follows:  "(1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) any history of dilatoriness; (4) whether the party acted willfully or in bad faith; (5) the availability of alternative sanctions; (6) the meritoriousness of the claim or defense." *Xenos v. Hawbecker*, 441 F. App'x 128, 131 n.3 (3d Cir. 2011) (per curiam) (citing *Poulis*, 747 F.2d at 868)).  "No single *Poulis* factor is dispositive, and not all need to be satisfied in order to appropriately dismiss a [petition] under the test." *Washington v. Grace*, No. 13-2356, 2013 WL 4038752, at *2 (3d Cir. Aug. 9, 2013) (per curiam) (citing *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citations omitted)).

In this case, petitioner is personally responsible for the failure to respond to the Court's order to show cause as he is proceeding *pro se*.  Therefore, this factor weighs against petitioner. *Accord Muhammad v. Court of Common Pleas of Allegheny Cnty., Pa.*, No. 13-2009, 2013 WL 4400877, at *2 (3d Cir. Aug. 16, 2013) (per curiam) (finding first *Poulis* factor weighs against plaintiff "because as a pro se litigant he is 'solely responsible for the progress of his case.'") (quoting *Briscoe*, 538 F.3d at 258-59 (3d Cir. 2008)).  As to the second factor, the respondents have not yet appeared in this case, and thus, petitioner's failure to respond to the Court's order to show cause has not prejudiced them at this stage of the proceedings. *Accord Williams v. Forte*, 270 F. App'x 221, 224 (3d Cir. 2008) (per curiam) (finding that second *Poulis* factor did not

weigh against plaintiff because defendants had not yet been served). However, by failing to respond to the Court's order to show cause, petitioner has shown a history of dilatoriness under the third *Poulis* factor. *Accord Novellino v. N.J. Dep't of Corr. Mountainview Youth Corr. Facility*, No. 10-4542, 2012 WL 2339698, at *2 (D.N.J. Mar. 21, 2012) (noting that plaintiff's failure to show cause requiring plaintiff to identify reasons why claim should not be dismissed for failure to prosecute indicates a history of dilatoriness), *report and recommendation adopted by*, 2012 WL 2339826 (D.N.J. June 15, 2012). As to the fourth and fifth factors, while the Court cannot determine whether petitioner has acted with bad faith, the Court notes that petitioner was warned that failure to respond to the Court's order to show cause would result in dismissal of this action, yet he still failed to respond to the order to show cause. *Accord Muhammad*, 2013 WL 4400877, at *2 (finding that fifth *Poulis* factor weighs in favor of dismissal when plaintiff was previously warned that failure to abide by Court order could result in dismissal of his case); *Johnson Shavers v. MVM, Inc.*, No. 04-666, 2008 WL 304938, at *4 (D.N.J. Jan. 29, 2008) ("As to the fifth *Poulis* factor, having once dismiss the case for failure to prosecute *and warning Plaintiff about the possibility of dismissal*, the Court finds that dismissal is the only appropriate sanction.") (emphasis added).

Finally, as to the sixth *Poulis* factor, the petition does not appear to state a meritorious habeas claim.

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to the particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam).  The United States Supreme Court has explained that habeas relief is available when the petitioner seeks 'to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody."  *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

As this Court noted in the order to show cause, the instant petition, to the extent it is decipherable, does not seek petitioner's release from confinement, but instead seeks a declaration that certain acts done by others were illegal.  For example, among other causes of action, petitioner complains about his confinement for two-and-one-half hours when he came to the aid of his son, that a driver's license was issued without the disclosure of an alleged warrant and that there was an "unconstitutional ransom/bail warrant . . . issued for 216 Federal Reserve Notes." (Dkt. No. 1 at p. 6).  The instant petition does not appear to request invalidating petitioner's duration of confinement.  Accordingly, the sixth factor weighs in favor of dismissal in this action as the petition does not appear raise proper claims for habeas relief.

Upon considering and weighing the *Poulis* factors outlined above, the Court finds that dismissal is warranted.

### III.    CONCLUSION

For the reasons stated in this Opinion, this action will be dismissed without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).  An appropriate order will be entered.


DATED:   November 7, 2013

                                                  s/Robert B. Kugler
                                                  ROBERT B. KUGLER
                                                  United States District Judge